John D. Bennett, S.
In this intermediate accounting the court is requested to determine, among other questions, whether decedent made an inter vivos gift of one half of his interest in a partnership known as the ‘ ‘ Scott Hammonds Partnership #3 ’ ’ to his daughter and the proper construction of paragraph Fifth of the will in which the decedent bequeathed his interest in this same partnership to his daughter.
The partners have stipulated to submit the questions presented on the deposition of G. Scott Hammonds taken on October 9, 1961, without objection.
The court is in accord with the interpretation of the special guardian presented in his report, and holds that a valid inter vivos gift was made by the decedent of one half of his interest in the Scott Hammonds Partnership #3 on December 1, 1959, effective as of September 30, 1959, and that such gift is a satisfaction of the bequest of this same property bequeathed to testator’s daughter in his will which was executed by him prior to the gift (6 Jessup-Bedfield, Surrogates’ Law and Practice, § 4778). The attempt by the testator to antedate the gift to 1955, prior to the execution of his will, was apparently prompted merely by a tax advantage which he sought but which had no basis in reality. There may have been some vague intention prior to 1959 to effectuate a gift of his partnership interest in Scott Hammonds #3 (whether of the “ carried interest ” or of the capital interest does not clearly appear) but suffice it to say that this intention never materialized during that period beyond a desire or hope to do something in the future.
With respect to Scott Hammonds Partnership #4, the court finds that the decedent was legally obligated to make the assignments of his carried interest in such partnership to the various claimants listed in the petition and in the percentages therein set forth. The executors are accordingly authorized to execute the necessary instruments of conveyance to such persons of decedent’s carried interest in Partnership #4.
The proposed allocation between the income and principal of the partnership receipts submitted by the executors does not *473 appear to the court to be an arbitrary or unreasonable exercise of their judgment in this matter as urged by the respondent Barry. Under the will the executors are given discretion to determine which receipts of money or other property including all distributions from mining stock or “ other wasting investments ” shall be credited to income and principal. While such authority does not permit an arbitrary or unreasonable exercise of such power, the executors are permitted to determine such questions based upon the exercise of reasonable judgment (Matter of Heinrich, 195 Misc. 803). Where a trust estate includes wasting assets, specifically oil and gas interests, the trustee is under a duty either to make provisions for amortization of the receipts or to sell the property and invest it for the benefit of all (Matter of Haldeman, 208 Misc. 419).
Here the executors have proposed an allocation of 75% of the receipts to principal and 25% to income, resulting in a return to the income beneficiaries of from 3% to 5%%, based on presently available appraisals and valuations of the properties in question. In Scott on Trusts (vol. 3, § 239, pp. 1857-1858 [2d ed.]) the author refers to a division of receipts so as to give income “ the usual rate of return on trust investments, reserving the balance of the income as an amortization fund ” as a proper method of apportionment. The adoption of such an allocation by the executors who have been granted discretionary authority in this regard cannot under the authority cited be considered by this court as an abuse of discretion or an unreasonable exercise of their judgment as stated in the Haldeman case (supra, p. 423): “ In New York, there is no fixed formula. Any method reasonably adapted toward preserving the value of principal unimpaired may be used ”. Accordingly the method of allocation proposed by the executors is approved at this time based upon the present inventory values.